**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 20-cr-220 (MPS) |
| | : | |
| v. | : | |
| | : | |
| HERMAN BELLAMY | : | May 1, 2023 |

**<u>GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING</u>**

In the summer of 2018, Herman Bellamy sold heroin in the Newhallville section of New Haven. He now faces the consequences of his actions. The Government respectfully requests that the Court impose a sentence that is minimally necessary to achieve the purposes of sentencing.

As outlined in the Presentence Report, this case is the result of a joint investigation that the Federal Bureau of Investigation ("FBI") and New Haven Police Department ("NHPD") conducted to target narcotics trafficking in the Newhallville section of New Haven in 2018 and 2019. As part of the investigation, the FBI and the NHPD identified a telephone number that Mr. Bellamy and others were sharing to conduct street-level narcotics transactions. According to a cooperating witness ("CW"), he/she would call the phone number and either Mr. Bellamy or one of two other narcotics traffickers would answer and subsequently sell the CW heroin, typically a bundle of (ten bags containing individual doses) at a time.

Law enforcement corroborated the CW's information by making controlled purchases. Regarding the sales charged in the indictment, on July 7, 2018 and August 2 of 2018, the NHPD conducted controlled purchases of a bundle of heroin from Mr. Bellamy as confirmed by lab analysis.

On June 23, 2021, Mr. Bellamy pleaded guilty to count two of the indictment charging him with possession with intent to distribute and distribution of heroin in violation of 21 U.S.C. § 841(b)(1)(C). The Court has scheduled sentencing for May 11, 2023.

Under 18 U.S.C. § 3553(a), the Court must consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as "to afford adequate deterrence to criminal conduct" by the public and "to protect the public from further crimes of the defendant." An appropriate sentence must also account for "the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a).

Regarding the advisory guidelines, the parties stipulated to a guideline range of 24 to 30 months in the plea agreement. Moreover, in his plea agreement, Mr. Bellamy waived the right to appeal his sentence if it does not exceed 24 months. The Government defers to the Court as to the sentence to be imposed but offers the following comments for the Court's consideration.

Beginning with the offense conduct, drug trafficking at any level is a serious offense. It destroys lives and can erode entire neighborhoods. Heroin is an extremely dangerous and addictive drug. Over the past several years, Connecticut has been battling an opiate crisis. Heroin-related abuse, addiction, and overdose deaths are front and center in this burgeoning epidemic. Given this widespread problem, Mr. Bellamy's sentence should serve as punishment and general deterrence.

As for Mr. Bellamy's history and characteristics, the Government notes that he has thirteen criminal convictions, nine of which were narcotics-related offenses. Indeed, Mr. Bellamy committed the instant offense while still under the conditional discharge period for a state sentence related to heroin trafficking. Through his routine, repeat drug offenses, Mr. Bellamy has demonstrated a troubling pattern of recidivism.

Mr. Bellamy's conduct while on release pending sentencing has also been problematic. At the time of Mr. Bellamy's guilty plea, he requested an opportunity to apply to Support Court. The Government has not obtained a transcript of the guilty plea proceedings, but it is counsel's recollection that the Court warned Mr. Bellamy that it would weigh against him if he had a poor performance while on release. Nevertheless, Mr. Bellamy had numerous positive drug screens and failed to complete Support Court. *See* PSR ¶¶ 17, 93. But perhaps more troubling that the positive drug screens is the fact that Mr. Bellamy refused to admit that he was using narcotics. *See* ECF Nos. 69, 85. Indeed, because Mr. Bellamy was unable to comply with the Court's conditions of release, Judge Spector modified his bond conditions and imposed home incarceration.

On the other hand, Mr. Bellamy's personal circumstances present factors that may tempter the Court's sentence. Mr. Bellamy has lost two sons to gun violence in the time since the offense conduct (and lost both sons less than two years apart). In light of these tragedies, it is good that Mr. Bellamy has participated in mental health counseling in bi-weekly sessions. PSR ¶ 22, 92. This counseling also includes a substance abuse component, which should serve Mr. Bellamy well when he re-enters society. PSR ¶ 22. The Government is encouraged by the Probation Officer's assessment that Mr. Bellamy "maintained steady employment and reported to the probation office as directed." PSR ¶ 23.

The Government requests that the Court impose a sentence that is fair, just, reasonable, and minimally necessary to achieve the purposes of sentencing.

       Respectfully submitted,

       VANNESSA ROBERTS AVERY
       UNITED STATES ATTORNEY

       */s/ Nathaniel J. Gentile*_____

                                        NATHANIEL J. GENTILE
                                        ASSISTANT U.S. ATTORNEY
                                        Fed Bar No. ct28860
                                        157 Church Street, 25th Floor
                                        New Haven, CT 06510
                                        (203) 821-3736
                                        nathaniel.gentile@usdoj.gov

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was filed electronically with the Court.

                                        */s/ Nathaniel J. Gentile*
                                        NATHANIEL J. GENTILE
                                        ASSISTANT UNITED STATES ATTORNEY